845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerald L. KENDRICK, et al., Plaintiffs,
Pete Gilbert, Bruce B. Wesselman, Jack Joe Holland, Ronnie
Hudson, and Donald Raymer, Plaintiffs-Appellants,
v.
David H. BLAND, et al., Defendants-Appellees.
 No. 87-5955.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1988.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pete Gilbert, Jack Joe Holland, Ronnie Hudson, Donald Raymer, and Bruce B. Wesselman appeal the district court's decision to deny their various motions to intervene and for civil contempt citations in this prisoner civil rights action. We affirm.
 
 
 2
 This case arises from a consent decree signed by a class of inmates incarcerated at the Kentucky State Penitentiary and the Kentucky State Reformatory. In this consent decree, prison officials agreed to conduct studies and establish plans and procedures for improving conditions at the two institutions. See Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981). In July 1986, the district court conducted a hearing to determine whether the prison officials had substantially complied with the terms of the consent decree. Following this hearing, the district court, which had been closely monitoring the conditions at the two facilities, concluded that the prison officials were in compliance with the consent decree in all respects, except for capital construction and renovation projects. Therefore, the district court ordered that the case be maintained on its inactive docket. The district court provided, however, that, "[i]n the event of major violations of the Consent Decree, the parties may apply to the court for reinstatement of the case on its active docket."
 
 
 3
 Shortly after the district court's substantial compliance order was entered, however, the four separate motions at issue here were filed. All four motions were brought to remedy alleged breaches of the consent decree. Pete Gilbert sought a civil contempt citation against the prison officials for their alleged elimination of the Zendokan Budokai of America religion. Jack Joe Holland, and several other inmates, moved for a civil contempt citation for the alleged elimination of the boxing program at the Kentucky State Penitentiary. Bruce B. Wesselman sought to intervene in order to challenge the prison officials' use of a mechanical restraint, known as the "black box," to transport inmates between institutions. Ronnie Hudson and Donald Raymer moved for a civil contempt citation for the prison officials' alleged violations of the inmates' constitutional rights of due process.
 
 
 4
 The district court denied all four motions. The court concluded that the issues raised by Gilbert and Holland were addressed in its "substantial compliance" opinion, and the court implied that the claims were effectively precluded by its finding that the prison officials were in substantial compliance with the consent decree. The district court denied Wesselman's motion to intervene because it found that the use of the "black box" did not violate the consent decree. Finally, the district court denied Hudson and Raymer's civil contempt motion because it found no violation of the consent decree.
 
 
 5
 We believe the district court did not abuse its discretion in denying these motions.
 
 
 6
 Hudson and Raymer contend that the district court improperly denied their civil contempt motion without granting them a hearing. They argue that, if the court had conducted such a hearing, a procedure that they contend is required by the consent decree and by Fed.R.Civ.Proc. 43(a), they would have shown that prison officials violated the consent decree by denying their transfer to the Administrative Control Unit, conduct which Hudson and Raymer contend also violates their constitutional rights. The district court properly rejected their motion.
 
 
 7
 The substantive aspect of their claim is without merit. Hudson and Raymer contend that their transfer was denied because the prison officials used classification procedures which do not fully comply with American Correctional Association Standards, a requirement imposed by the consent decree. The district court, however, found no violation of the consent decree. There is substantial evidence in the record to support this finding. Hudson and Raymer fail to show that the procedures followed in their respective cases deviated from the official procedures adopted pursuant to the consent decree, and they fail to demonstrate how these procedures do not comply with American Correctional Association standards.
 
 
 8
 Their procedural argument is similarly unavailing; the district court's decision not to conduct a hearing on this issue was proper. The provision of the consent decree on which Hudson and Raymer rely does not grant them the right to a hearing. It merely establishes a timetable for disposing of requests for supplemental relief. See Kendrick v. Bland, 541 F.Supp. at 40. Rule 43(a) does not apply here.
 
 
 9
 The district court also correctly denied Wesselman's motion to intervene. Wesselman argues that this denial was patently improper because Section 5(b) of the supplemental consent decree prohibits the use of the "black box" to transport inmates. Wesselman's reading of the consent decree is incorrect. The relevant section provides that the prison officials agree to use the least amount of force necessary to enforce institutional rules and
 
 
 10
 that mechanical restraints will not be used: as a method of punishment; to quiet a noisy inmate; about the head or neck of an inmate; in a way that causes undue physical discomfort, inflicts physical pain, or restricts the blood circulation or breathing of the inmate.
 
 
 11
 Id. at 48. The clause then lists several guidelines to "serve as a minimum standard by which [prison officials] will develop their procedures for use of restraints." Id. Clearly, this provision does not prohibit the use of mechanical restraints; it merely qualifies their use. Therefore, because Wesselman failed to allege and prove that the use of the "black box" breaches any of the relevant restrictions, the district court properly denied his motion to intervene.
 
 
 12
 The district court also correctly disposed of Holland's contempt motion. Holland claims that the elimination of the boxing program at the Kentucky State Penitentiary constitutes a violation of the consent decree. The court ruled, however, that this claim was precluded by its "substantial compliance" finding, and we concur. The consent decree provided that "[t]he current recreation program will be maintained at least at the current levels." Id. at 35. Although the boxing program was subsequently eliminated, the district court found that the recreation program as a whole had been "greatly expanded since the signing of the Consent Decree." We agree with the district court that, despite the elimination of one specific aspect of the program, the overall expansion of the recreation program demonstrates full compliance with both the letter and the spirit of the consent decree.
 
 
 13
 The district court's disposition of Gilbert's contempt motion is more problematic. Gilbert claims that, by preventing him and the other followers of the Zenkokan Budokai of America religion from practicing karate, prison officials have violated section 11 of the consent decree which prohibits the "harassment of any religious group or faith." Id. at 36. The followers of this Buddhist faith regularly participate in martial arts as a part of their religious observances. The district court coupled Gilbert's claim with Holland's, and it denied Gilbert's motion. The court concluded that the issue of the elimination of the karate and boxing programs had been addressed and decided in its "substantial compliance" opinion.
 
 
 14
 By disposing of these two motions together, the district court implied that the gist of Gilbert's complaint was that he was denied the recreational benefits guaranteed by the consent decree. If this characterization is accurate, then the court properly denied Gilbert's contempt motion for the same reasons that it rejected Holland's motion.
 
 
 15
 Gilbert's motion, though, may also be interpreted as an attempt to remedy alleged religious harassment. Although the consent decree does not grant the inmates an unqualified right to practice any religion in any way they wish, the consent decree does prohibit religious harassment. Moreover, the first amendment may also restrict the alleged misconduct. These issues, however, are currently being litigated in other related proceedings. Tamme v. Wilson, 87-0120-P(J); Cramer v. Wilson, 87-0310-P(CS). Therefore, the district court's decision to deny Gilbert's separate contempt motion was not an abuse of discretion.
 
 
 16
 In sum, the record in this case shows that the district court has been carefully monitoring the implementation of the consent decree. Moreover, the evidence indicates that, under its supervision, the conditions at the two prisons have improved significantly.
 
 
 17
 Accordingly, the district court's decision to deny these motions is affirmed.